UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

**ALEX RODRIGUES,**

    Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS, INC.,
I.C. SYSTEM INC., and AFNI INC.,**

    Defendants.

_____/

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff Alex Rodrigues ("Plaintiff") by and through counsel, files this Complaint against Experian Information Solutions, Inc., ("Defendant Experian" or "Experian"), Defendant I.C. System Inc., ("Defendant I.C." or "I.C."), and Defendant AFNI Inc., ("Defendant AFNI" or "AFNI"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

## DEMAND FOR JURY TRIAL

3. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in West Palm Beach, Palm Beach County, Florida.

5. Defendant Experian Information Solutions, Inc. ("Defendant Experian" or "Experian") is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Experian is a consumer reporting agency (CRA) as defined by FCRA, 15 USC §1681a(f).

6. Defendant I.C. System Inc., ("Defendant I.C." or "I.C.") is a Minnesota Corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324. Defendant I.C. is an authorized debt collection agency. Defendant I.C. purchases debt from other businesses and will attempt to collect the purchased debt from the consumer.

7. Defendant AFNI Inc., ("Defendant AFNI" or "AFNI") is an Illinois Corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324. AFNI is a consumer collections agency that works to help companies recoup old debt.

## GENERAL ALLEGATIONS

8. This action involves derogatory and inaccurate reporting of an alleged Consumer Debt (the "consumer debt") for ATT/Directv Services to Plaintiff's credit profile.

9. In or around October of 2022, Plaintiff checked his credit report and noticed that there was an inaccurate report from Defendant I.C.

10. Therefore, in or around October of 2022, Plaintiff disputed this inaccurate and derogatory information to Experian (the "First Dispute"). Defendant I.C. verified the alleged consumer debt in the amount of $1,051.00 and continued to report it to Experian.

11. In or around November of 2022, Plaintiff noticed that the derogatory information on his credit report had not been removed as he requested in the First Dispute.

12. On January 13, 2023, Plaintiff disputed the error to Experian in writing stating that the derogatory reporting of account #142160148 listing ATT/Directv as the original creditor, with a balance of $1,051.00 was inaccurate (the "Second Dispute"). Furthermore, Plaintiff explained that he never had a contract with this debt collector, Defendant I.C. Plaintiff requested that Experian provide proof from the original creditor that this debt collector owned this debt and had the legal authority to collect it or Experian would have to delete this account on his credit report.

13. On February 8, 2023, Plaintiff once again requested his credit report from Experian. The report generated on said date demonstrated that Defendant I.C.'s notation of the debt in the amount of $1,051 was deleted from Plaintiff's Experian credit report.

14. On or around March 22, 2023, Plaintiff requested his credit report be generated via Experian and to his surprise, he had derogatory information listed under Defendant AFNI's name for the same amount that was previously listed ($1,051.00) and reported by the same original creditor, ATT/Directv.

15. As of March 19, 2023, Defendant AFNI is the holder of this "debt" that is inaccurately and derogatorily notated on Plaintiff's Experian credit report. This derogatory information lists the debt in the same exact dollar amount ($1,051.00) that Defendant I.C. had previously listed and notes ATT/Directv as the original creditor.

16. On March 24, 2023, Plaintiff disputed Defendant AFNI's derogatory reporting with Experian (the "Third Dispute").

17. On March 31, 2023, Plaintiff filed a police report (23-052252) with the Palm Beach County Sheriff's Office. That same day, Plaintiff filed an Identity Theft Affidavit with Directv where he provided his address, length of residence at the provided address (since March 2016), social security number, and referenced the police report.

18. On April 13, 2023, Plaintiff requested his credit report from Experian and Defendant AFNI's derogatory reporting was still present despite the Third Dispute.

19. Plaintiff contends that the reporting of the account is inaccurate after having requested Defendants, Experian, I.C., and AFNI, to remove the alleged consumer debt that was fraudulently obtained using Plaintiff's personal identification information.

Plaintiff's Alleged Debt

20. Plaintiff contends that his identity was stolen and that his personal identification information was used to open this ATT/Directv account. Plaintiff reported his identity stolen with the Palm Beach County Sheriff's Office on March 31, 2023 (report number 23-052252). Furthermore, Plaintiff also filed an Identity Theft Affidavit with Directv.

COUNT 1
WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

21. Plaintiff incorporates the above-referenced paragraphs 1-20 by reference of this Complaint.

22. Defendant Experian prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of an ATT/Directv account with Defendant I.C. and continues to include the same information concerning inaccurate and derogatory reporting of an ATT/Directv account with Defendant AFNI.

23. In or around October of 2022, Plaintiff checked his credit report and noticed that there was an inaccurate reporting from Defendant I.C. In or around October of 2022, Plaintiff submitted the First Dispute to Experian.

24. In response to the First Dispute, Defendant I.C. verified the alleged consumer debt in the amount of $1,051.00. Despite Experian having been put on notice of the fraudulent and

inaccurate reporting, Experian did not remove the account from Plaintiff's credit report.

25. On January 13, 2023, Plaintiff submitted the Second Dispute to Experian.

26. In response to the Second Dispute, Experian promptly and properly gave notice to Defendant I.C. of the Second Dispute in accordance with the FCRA.

27. On February 8th, 2023, Experian notified Plaintiff that it had completed its investigation and that the disputed information from Defendant I.C. had been removed from his credit report.

28. On or around March 22, 2023, Plaintiff discovered that the Experian report had been updated with derogatory and inaccurate information from Defendant AFNI, with the same original creditor and balance as was previously reported by Defendant I.C.

29. On or about March 24, 2023, Plaintiff submitted the Third Dispute to Experian.

30. In response to the Third Dispute, Experian promptly and properly gave notice to Defendant AFNI of the Third Dispute in accordance with the FCRA.

31. As of the filing of this complaint, Defendant AFNI's derogatory and inaccurate information is still listed on Plaintiff's credit report despite Plaintiff's Third Dispute.

32. Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

33. Experian is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

34. Despite Experian having received Plaintiff's First and Second Disputes of Defendant I.C.'s information and Plaintiff's Third Dispute regarding the inaccurate and derogatory information from Defendant AFNI, Experian continues to report Plaintiff's account in collections for an unpaid balance from an ATT/Directv account with Defendant AFNI, the current holder of

PAGE | **5** of **19**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

this alleged debt.

35. Continuing to report the status of Plaintiff's account in this fashion is significant.

36. By continuing to report the status of Plaintiff's account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's credit worthiness by impacting his credit score negatively.

37. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

38. Experian failed to conduct a reasonable investigation and reinvestigation.

39. Experian failed to review and consider all relevant information submitted by Plaintiff.

40. Experian failed to conduct an independent investigation and, instead, deferred to Defendant I.C., when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's First Dispute. Experian's failure to conduct an independent investigation was again demonstrated when, upon receiving Plaintiff's Second Dispute regarding the information furnished by Defendant I.C., Experian removed the inaccurate and derogatory information off Plaintiff's credit report. Experian also continues to defer to Defendant AFNI, who is the current holder of the debt, despite the evidence and information Plaintiff provided to Experian in the Third Dispute.

41. Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Disputes; however, Experian failed to correct the information.

42. Experian's reporting of inaccurate information about the Account that is the subject of the First, Second, and Third Disputes, despite evidence that said information is inaccurate, demonstrates Experian's failure to establish or follow reasonable procedures to assure the

maximum possible accuracy of Plaintiff's credit reports and file.

43. Experian did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant I.C. and Defendant AFNI despite being in possession of evidence that the information was inaccurate.

44. Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

45. Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

46. On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

47. Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

48. Experian's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

49. Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

50. The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

51. Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

52. The appearance of the accounts on Plaintiff's credit report, namely, the accounts identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

53. As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

54. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

55.     Plaintiff incorporates paragraphs 1-54 above by reference of this Complaint.

56.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

57.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

58.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

59.     Additionally, Experian negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

60.     Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of

inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

61. The conduct, action, and inaction, of Experian was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

62. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

63. As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

64. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems proper under the circumstances.

### COUNT 3
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant I.C.)

65. Plaintiff incorporates paragraphs 1-13 by reference of this Complaint.

66. Defendant I.C. is an authorized debt collection agency who purchases debt from other businesses and will attempt to collect the purchased debt from the consumer.

67. In or around October of 2022, Plaintiff contacted and disputed with Experian the

erroneous and derogatory information listed on his credit report from Defendant I.C. (account #142160XXX with a balance of $1,051.00 listing ATT/Directv as the original creditor.)

68. In response to the First Dispute, Experian promptly and properly gave notice to Defendant I.C. of the First Dispute in accordance with the FCRA.

69. On a date better known by Defendant I.C., it verified the account as accurate and continued to inaccurately report the derogatory information.

70. On January 13, 2023, Plaintiff submitted the Second Dispute to Experian.

71. In response to the Second Dispute, Experian promptly and properly gave notice to Defendant I.C. of the Second Dispute in accordance with the FCRA.

72. On a date better known by Defendant I.C., it verified the account as inaccurate and Experian removed the inaccurate and derogatory information from Plaintiff's credit report.

73. Defendant I.C. is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

74. In response to the notices received from Experian regarding Plaintiff's Disputes, Defendant I.C. did not and otherwise failed to conduct a reasonable investigation into the Account which is the subject of the Disputes.

75. In response to receiving notice from Experian regarding Plaintiff's Disputes, Defendant I.C. failed to correct and/or delete information it knew to be inaccurate and/or which Experian could not otherwise verify.

76. Instead of conducting a reasonable investigation, Defendant I.C. erroneously validated the Account and continued to report inaccurate information to Experian.

77. On at least one occasion within the past year, by example only and without

limitation, Defendant I.C. violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

78. On at least one occasion within the past year, by example only and without limitation, Defendant I.C. violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Experian.

79. On at least one occasion within the past year, by example only and without limitation, Defendant I.C. violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Experian about the inaccurate information.

80. Upon information and belief, Defendant I.C. was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's First and Second Disputes.

81. Defendant I.C.'s investigation was per se deficient by reason of these failures in its investigation of Plaintiff's First and Second Disputes.

82. As a direct and proximate result of Defendant I.C.'s violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

83. Defendant I.C.'s actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

84. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant I.C. awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems proper under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant I.C.)

85. Plaintiff incorporates paragraphs 1-13 and 65- 84 by reference of this Complaint.

86. On at least one occasion within the past year, by example only and without limitation, Defendant I.C. violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed Information.

87. On one or more occasions within the past year, by example only and without limitation, Defendant I.C. violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

88. On one or more occasions within the past year, by example only and without limitation, Defendant I.C. violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

89. When Defendant I.C. received notice of Plaintiff's First and Second Disputes from Experian, Defendant I.C. could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

90. Defendant I.C. would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant I.C. had reviewed its own systems and previous communications with the Plaintiff.

91. Defendant I.C.'s investigation was per se deficient by reason of these failures in its

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

investigation of Plaintiff's First and Second Disputes.

92. As a direct and proximate result of Defendant I.C.'s violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

93. Defendant I.C.'s actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

94. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant I.C. awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems proper under the circumstances.

## COUNT 5
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant AFNI)

95. Plaintiff incorporates the paragraphs 1-20 by reference of this Complaint.

96. Defendant AFNI is a consumer collections agency that works to help companies recoup old debt.

97. In or about March of 2023, Plaintiff checked his credit report and noticed that there was an inaccurate report from Defendant AFNI because Defendant AFNI flagged Plaintiff's account as Collections on March 19, 2023.

98. On or about March 24, 2023, Plaintiff submitted the Third Dispute to Experian.

99. In response to the Third Dispute, Experian promptly and properly gave notice to Defendant AFNI of the Third Dispute in accordance with the FCRA. The balance that was reported was the same amount ($1,051.00) Defendant I.C. had previously reported and removed from Plaintiff's credit report a month prior. Furthermore, it is notated that the original creditor of the balance Defendant AFNI was reporting belonged to ATT/Directv.

100. In or about March or April 2023, AFNI verified this reporting was accurate.

101. On March 31, 2023, Plaintiff filed a police report with the Palm Beach County Sheriff's Office. That same day Plaintiff filed an Identity Theft Affidavit with Directv where he provided his address, length of residence at his provided address where he has lived since March 2016, and his social security number.

102. As of the filing of this complaint, the debt has continued to be verified by Defendant AFNI.

103. Defendant AFNI is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

104. On a date better known by Defendant AFNI, Experian promptly and properly gave notice to Defendant AFNI of Plaintiff's Third Dispute in accordance with the FCRA.

105. In response to the notices received from Experian regarding Plaintiff's Third Dispute, Defendant AFNI did not and otherwise failed to conduct a reasonable investigation into the Account which is the subject of the Third Dispute.

106. In response to receiving notice from Experian regarding Plaintiff's Third Dispute, Defendant AFNI failed to correct and/or delete information it knew to be inaccurate and/or which

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Experian could not otherwise verify.

107. Instead of conducting a reasonable investigation, Defendant AFNI erroneously validated the Account and continued to report inaccurate information to Experian.

108. On at least one occasion within the past year, by example only and without limitation, Defendant AFNI violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

109. On at least one occasion within the past year, by example only and without limitation, Defendant AFNI violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Experian.

110. On at least one occasion within the past year, by example only and without limitation, Defendant AFNI violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Experian about the inaccurate information.

111. Upon information and belief, Defendant AFNI was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Disputes.

112. Defendant AFNI's investigation was per se deficient by reason of these failures on its investigation of Plaintiff's Disputes.

113. As a direct and proximate result of Defendant AFNI's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

114. Defendant AFNI's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

115. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant AFNI, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems proper under the circumstances.

## COUNT 6
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant AFNI)

116. Plaintiff incorporates paragraphs 1-20 and 95-115 by reference of this Complaint.

117. On at least one occasion within the past year, by example only and without limitation, Defendant AFNI violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

118. On one or more occasions within the past year, by example only and without limitation, Defendant AFNI violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

119. On one or more occasions within the past year, by example only and without limitation, Defendant AFNI violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

120. When Defendant AFNI received notice of Plaintiff's dispute from Experian, Defendant AFNI could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

121. Defendant AFNI would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant AFNI had reviewed its own systems and previous communications with the Plaintiff.

122. Defendant AFNI's investigation was per se deficient by reason of these failures in Defendant I.C.'s investigation of Plaintiff's Disputes.

123. As a direct and proximate result of Defendant AFNI's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

124. Defendant AFNI's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

125. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant AFNI awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems proper under the circumstances.

[*REMAINDER OF THE PAGE LEFT BLANK*]

Dated: April 20, 2023

                                            Respectfully Submitted,

                                            /s/ Jennifer G. Simil
                                        **JIBRAEL S. HINDI, ESQ.**
                                        Florida Bar No.: 118259
                                        E-mail: jibrael@jibraellaw.com
                                        **JENNIFER G. SIMIL, ESQ.**
                                        Florida Bar No.: 1018195
                                        E-mail: jen@jibraellaw.com
                                        **SHANNON E. GILVEY, ESQ.**
                                        Florida Bar No.: 1035934
                                        E-mail: shannon@jibraellaw.com
                                        The Law Offices of Jibrael S. Hindi
                                        110 SE 6th Street, Suite 1744
                                        Fort Lauderdale, Florida 33301
                                        Phone: 954-907-1136

                                        *COUNSEL FOR PLAINTIFF*

PAGE | **19** of **19**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com