**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**ALEX RODRIGUES,**

      **Plaintiff,**                       **Case No.: 9:23-CV-80726**

**v.**

**EXPERIAN INFORMATION SOLUTIONS, INC.**
**I.C. SYSTEM, INC.,  and AFNI INC.**

      **Defendant.**

_____/

## I.C. System Inc.'s Motion for Summary Judgment

COMES NOW, Defendant I.C. SYSTEM, INC. ("Defendant" and/or "IC"),

by and through its undersigned counsel, pursuant F.R.C.P 56 files this Motion for

Summary Judgment and in support thereof states as follows

## I.    Introduction

The Plaintiff alleges that the Defendant violated the FCRA by failing to conduct a reasonable investigation of his disputes with the credit reporting agencies to whom the Defendant had reported an AT&T debt. The court must therefore address the following issues:

1) Is the Defendant entitled to summary judgment on the Plaintiff's FCRA claims because the Plaintiff cannot show that, had the Defendant conducted a reasonable investigation, it would have learned that the debt was not due?

2) Is the Defendant entitled to summary judgment on the Plaintiff's FCRA claims because he alleges no more than a "legal dispute" between himself and AT&T?

3) Is the Defendant entitled to summary judgment on the Plaintiff's FCRA claims because the Plaintiff lacks any evidence that would support a finding that the Defendant failed to conduct a reasonable investigation?

## II.    The Plaintiff's Complaint

The Complaint alleges that the Defendant violated the Fair Credit Reporting Act (FCRA) by failing to conduct a reasonable investigation in response to his disputes of Defendant's credit reporting of an AT&T DirecTV account that AT&T referred to Defendant for collection (the "Account"). *See*, Doc. 1, *generally*.

## III.    The Fair Credit Reporting Act

The FCRA is a consumer protection act that imposes certain duties on "furnishers of information" to credit reporting agencies (CRAs), like Experian and

Trans Union. Furnishers of information, like the Defendant, are required to (1) report accurate information to CRAs regarding consumers, and (2) conduct an investigation after receiving notice from a CRA of a dispute lodged by a consumer regarding information provided by the furnisher. *See,* 15 U.S.C. § 1681s–2(a); (b). Consumers have no private right of action against furnishers for reporting inaccurate information to CRAs regarding consumer accounts. *See,* 15 U.S.C. § 1681s–2(c)(1). Instead, the only private right of action consumers have against furnishers is for a violation of § 1681s–2(b), which requires furnishers to conduct an investigation following notice of a dispute and report the results back to the credit reporting agency. *Id.*

To prove his FCRA claims under § 1681s-2(b), the Plaintiff must demonstrate that he notified a CRA of a dispute related to his credit information, the CRA then notified the Defendant of the dispute, *and* (3) the Defendant failed to conduct a "reasonable investigation" of the dispute.

## IV.    Legal Standard

A party's burden at summary judgment depends on whether that "party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Plaintiff, the person bringing the claims in this case, has the burden "to prove every essential part of [his] claims." 11th Cir. Pattern Jury Instruction, Civil Cases § 3.7.1; *see also Blossom v. CSX Transp., Inc.*, 13 F.3d 1477 (11th Cir. 1994) (explaining "a plaintiff's burden of proof" at trial); *Seckinger*

*v. Equifax Info. Servs., LLC*, No. CV 415-304, 2018 U.S. Dist. LEXIS 50780, 2018 WL 1511170, at \*8 (S.D. Ga. Mar. 27, 2018) ("A plaintiff bears the burden of proving his claims.") Defendant, on the other hand, can discharge its burden at summary judgment by simply pointing to "an absence of evidence" supporting Plaintiff's claims. *Celotex*, 477 U.S. at 324. Plaintiff is then required to point to "sufficient evidence on each element" of each of his claims. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).

1. **I.C. System (sometimes referred to as "IC") is entitled to summary judgment on the Plaintiff's FCRA claims because a "reasonable investigation" would not have revealed an inaccuracy.**

   In *Felts v. Wells Fargo Bank*, the 11th Circuit, held:

   > Regardless of the nature of the investigation a furnisher conducted, a plaintiff asserting a claim against a furnisher for failure to conduct a reasonable investigation cannot prevail on the claim without demonstrating that had the furnisher conducted a reasonable investigation, the result would have been different; i.e., that the furnisher would have discovered that the information it reported was inaccurate or incomplete, triggering the furnisher's obligation to correct the information. Absent that showing, a plaintiff's claim against a furnisher necessarily fails, as the plaintiff would be unable to demonstrate any injury from the allegedly deficient investigation. And, in turn, a plaintiff cannot demonstrate that a reasonable investigation would have resulted in the furnisher concluding that the information was inaccurate or incomplete without identifying some facts the furnisher could have uncovered that establish that the reported information was, in fact, inaccurate or incomplete.

*Id.*, b, 1313 (11th Cir. 2018).

It is undisputed that IC requested deletion of its credit reporting in early February 2023 (*see*, Statement of Material Facts ¶ 7 and Dove. Decl. at ¶ 13) *and* that AT&T refused to accept the Plaintiff's claims that he did not owe the debt until at least April 2023. *See*, Statement of Material Facts, ¶ 15 and Pl. Dep. at p. 34. The Plaintiff therefore cannot establish that had Defendant "conducted a reasonable investigation" prior to requesting deletion in February 2023, it "would have discovered that the information it reported was inaccurate or incomplete." *Felts.* at 1313. The Plaintiff's testimony in fact establishes that the opposite is true—AT&T maintained that the Plaintiff owed the debt at issue until after he submitted the police report months later. *See*, Statement of Material Facts, ¶ 15 and Ex. 2 – Pl. Dep. at p. 34.

Other testimony offered by the Plaintiff further demonstrates that AT&T continued to claim that the Plaintiff owed the debt well after I.C. System requested the CRAs delete its credit reporting, as he testified that AT&T transferred the account to another collection agency, co-Defendant AFNI, after recalling the account from I.C. System. *See*, Statement of Material Facts, ¶ 9 and Ex. 2 – Pl. Dep. at pp. 44-46. That AT&T referred the account to another debt collector demonstrates that AT&T maintained that the Plaintiff owed the debt during the entire time-period the account was being credit reporting by I.C. System.

In *Felts*, the Plaintiff sued Wells Fargo claiming it "failed to conduct a

reasonable investigation of its credit reporting or her mortgage loan" with the company. *Id.* at 1309. The district court granted the defendant's summary judgment because the plaintiff failed to make a "threshold showing that a reasonable investigation could have uncovered an inaccuracy." *Id.* The Eleventh Circuit, in reviewing the lower court's ruling, explored the concept of a "reasonable investigation" at length, ultimately concluding that courts reviewing FCRA claims against furnishers need not determine whether the furnisher's investigation was "reasonable" unless the plaintiff can first demonstrate that such an investigation "would have discovered that the information it reported was inaccurate or incomplete, triggering the furnisher's obligation to correct the information." *Id.* at 1313, *see also Hunt vs. JP Morgan Chase Bank,* 770 Fed.Appx. 452, 458 (11th Cir. April 25, 2019) (unpublished).

On appeal, the court engaged in an extensive review of the defendant's loan agreement with the plaintiff to determine whether the defendant's credit reporting was inaccurate. *Id*. at 1313-15. A similar analysis is not required here to determine that IC is entitled to summary judgment because AT&T and not IC was the creditor on the Plaintiff's account; IC was in no position to settle the dispute between the Plaintiff and AT&T regarding the debt. *See*, *Chiang vs. Verizon New England, Inc.*, 595 F.3d 26, 36 (3rd Cir. 2010) ("furnishers are neither qualified nor obligated to resolve matters that turn on questions that can only be resolved by a court of law.")

(internal citations omitted).

IC's argument that it is entitled to summary judgment because the Plaintiff cannot prove a "reasonable investigation" would have revealed that IC had inaccurately reported the debt finds additional support in post-*Felts* decisions from other federal courts in this district. In *Bruce v. Ally Financial,* for example, the court granted the defendant judgment on the pleadings finding that the plaintiff's FCRA claims because she "points to no fact or information that Ally would have uncovered as inaccurate or incomplete if it had conducted a different investigation." *Id.*, No. 3:20-cv-128-ECM (WO), 2021 WL 4392076, *4, 2021 U.S. Dist. LEXIS 183087 (M.D. Ala. Sep. 24, 2021). The same is true here since AT&T insisted the Plaintiff owes the debt.

About a month before the court's ruling in *Bruce*, another judge in that district dismissed a similar FCRA claim against a furnisher citing *Felts* for the concept that a determination of whether the furnisher's investigation "was unreasonable...depends on what the furnishers' investigation could have uncovered." *See*, *Griffin v. Experian Information Solutions, Inc.*, No. 1:20-cv-801-RAH-SMD, 2021 WL 3782141, *3, 2021 U.S. Dist. LEXIS 161647 (M.D. Ala. Aug. 26, 2021). And because the plaintiff's allegations on that issue were "woefully deficient," the court found that the complaint failed to state a claim. *Id.* at *4.

While the issue comes before this court on IC's Motion for Summary

Judgment instead of a motion to dismiss, the same rationale nonetheless applies and compels a similar result. Specifically, whether IC conducted a reasonable investigation of the Plaintiff's dispute "depends on what [IC's] investigation could have uncovered." *Griffin,* supra at *3. And according to the Plaintiff's own testimony; it was not until after March 31, 2023 that AT&T agreed he did not owe the debt at issue. *See* Statement of Material Facts, ¶ 15 and Ex. 2 – Pl. Dep. at p. 34. Accordingly, a "reasonable investigation" prior to that time would not have resulted in IC learning that it was inaccurately reporting the Plaintiff's AT&T debt. Therefore, the Plaintiff's FCRA claims fail, and IC is entitled to summary judgment as matter of law.

2. **IC is entitled to summary judgment on the Plaintiff's FCRA claim because it is based on a "legal dispute" and not a "factual inaccuracy."**

In reviewing FCRA claims alleging a furnisher reported inaccurate information and failed to conduct a reasonable investigation, the Eleventh Circuit has distinguished "legal disputes" from "factual inaccuracies," holding that only the latter situation can give rise to a valid FCRA claim. For example, in *Hunt*, the Panel ruled: "A plaintiff must show a factual inaccuracy rather than the existence of disputed legal questions to bring suit against a furnisher under § 1681s-2(b)." *Id*., 770 Fed.Appx. at 458.

In that case, the plaintiff filed an FCRA class action against her mortgage holder JP Morgan Chase alleging that it failed to adequately investigate disputes as

to the accuracy of the bank's credit reporting. *Id.* at 453. In the complaint, the plaintiff claimed that the defendant had inaccurately reported delinquencies on the loan. *Id.* at 455. The defendant filed a motion to dismiss arguing that the plaintiff's "contention that he was no longer obliged to make monthly payments once the loan was accelerated was 'a legal argument, not a factual inaccuracy,' and it therefore could not form the basis of his FCRA claim." *Id.* at 456. The district court agreed and dismissed the case. *Id.*

On appeal, the Eleventh Circuit affirmed stating:

> A plaintiff must show a factual inaccuracy rather than the existence of disputed legal question to bring suit against a furnisher under § 1681s-2(b). Whether Hunt was obligated to make payments on the mortgage … is a currently unresolved legal, not a factual, question. Thus, even assuming that turned out to be legally incorrect under some future ruling, [the defendant's] purported legal error was an insufficient basis for a claim under the FCRA.

*Id.* at *458.

The following year, an Eleventh Circuit Panel revisited the "legal vs. factual dispute" issue in *Batterman v. BR Carroll Glenridge* and reached the same conclusion. *Id.*, 829 Fed.Appx. 478 (11th Cir. Oct. 7, 2020) (unpublished). There the plaintiff rented an apartment from the defendant but moved out prior to the end of the lease after the defendant allegedly failed to address a leak that caused harmful mold to grow inside a storage closet and living room. *Id.* at 479. The defendant claimed that the plaintiff owed nearly $3,000 in "liquidated damages" and referred

the matter to a collection agency. *Id.* Both the landlord and collection agency credit reported the alleged debt; the plaintiff disputed the credit reporting with the credit reporting agencies and attached pertinent documents supporting his claim that the defendant truly owed him money. *Id.* When his disputes did not achieve the desired results, the plaintiff sued the debt collector and consumer reporting agency claiming they failed to conduct reasonable investigations of his disputes. *Id.* The district court granted the defendants judgment on pleadings after determining that the plaintiff failed to allege a "factual inaccuracy." *Id.* at 480.

On appeal, an Eleventh Circuit Panel affirmed the ruling, holding that the propriety of the landlord claiming the plaintiff owed "liquidated damage" was "a contractual dispute" and "contractual disputes require resolution by a court of law." *Id.* at 481. As relevant here, the Panel recognized that the true nature of the plaintiff's claim was not that the defendants had "reported any factually incorrect information in his credit report, but rather, that they failed to accept his interpretation that he lawfully terminated the lease due to its uninhabitability." *Id.* Hence it was a legal dispute that could not provide a basis for an FCRA claim. *Id.* at 481-82. The same is true here. The Plaintiff "does not allege any factual error, instead, he states that the report was inaccurate because he did not owe this balance." *See, Mayer v. Holiday Inn Club Vacations*, No. 6:20-cv-2283-GAP-EJK, 2021 U.S. Dist. LEXIS 132103, at *6 (M.D. Fla. Mar. 9, 2021).

The Plaintiff argues that he owes no money to AT&T, but he admits that until at least April 2023 AT&T claimed the opposite. *See,* Statement of Material Facts ¶ 15 and Ex. 2 – Pl. Dep. at p. 34. And the evidence demonstrates that in early February 2023, I.C. System requested deletion of its credit reporting from the relevant CRAs. *See,* Statement of Material Facts ¶ 7 and Ex. 1 – Dove. Decl. at ¶ 13. This means that during the entire time that I.C. System was credit reporting the account, the Plaintiff disputes with AT&T "require[d] resolution by a court of law," and it was therefore the quintessential "legal dispute" that cannot form the basis for an FCRA claim. *See Batterman*, 829 Fed.Appx. at 481.

In a post-*Batterman* ruling, another federal court in this circuit determined a debt collector in an FCRA case had no liability because the Plaintiff was in a legal dispute with the creditor. *See, Scaife v. National Credit Systems, Inc.*, No. 1:20-cv-00379-CLM, 2021 WL 1610620, 2021 U.S. Dist. LEXIS 79472 (N.D. Ala. Apr. 26, 2021). There, the debt collector credit reported a debt the landlord claimed the plaintiff owed and verified the accuracy of its reporting after the plaintiff disputed the debt with a credit reporting agency. *Id.* at *2. In dismissing the plaintiff's FCRA claims, the court—citing *Batterman*—stated:

> To determine whether Andrew had this defense to payment, NCS would have had to make the following legal determinations: (1) the failure to refund the security deposit or provide Andrew with an itemization of damages violated Alabama law; (2) the remedy for Maple Village's violation of Alabama law is that it owed Andrew $600;

and (3) that Maple Village owed Andrew $600 relieved him of his obligation to pay Maple Village the full $734 balance that he owed it. The FCRA does not require NCS to resolve these legal questions; that's left up to the courts.

*Id.* at *6.

Applying the same analysis here demonstrates that the Plaintiff's FCRA claims are based on a "legal dispute" not a "factual inaccuracy" because IC would have had to ultimately determine whether the Plaintiff was, in fact, responsible for the debt AT&T claims he owes. Of note, the Plaintiff does not claim that he owes an amount *other* than the amount IC reported as due to the credit reporting agencies or that IC failed to report the debt as "disputed" despite his dispute. His position is instead that he has no legal obligation to pay AT&T, period. While he may be correct, "[t]he FCRA does not require [IC] to resolve these legal questions; that's left up to the courts." *Id.* at *6; *see also*, *Jackson v. Bank of Am., N.A.*, No. 2:19-cv-01940-RDP, 2022 U.S. Dist. LEXIS 85075, *13, 2022 WL 1493849 ("Whether Jackson was obligated to make the $10,000 payment … is an unresolved legal issue."); *Mayer v. Holiday Inn Club Vacations*, No. 6:20-cv-2283-GAP-EJK, 2021 WL 2942674, *2, 2021 U.S. Dist. LEXIS 132103 (M.D. Fla. Mar. 9, 2021) (same).

For this court to rule that the Defendant reported inaccurate information to the credit reporting agencies, it would first have to rule that when I.C. System was reporting the debt, the Plaintiff did not owe it—despite AT&T's contrary claim. But the contest between AT&T and the Plaintiff over the legitimacy of the debt was a

"legal dispute" that the FCRA does not require furnishers to decide. IC is therefore entitled to summary judgment on the Plaintiff's FCRA claims.

**3. IC is entitled to summary judgment on the Plaintiff's FCRA claim because there is no evidence that it failed to conduct a reasonable investigation into the Plaintiff's disputes.**

When a furnisher receives a dispute from a credit reporting agency regarding information on a consumer credit report, the furnisher "must review the information provided by the consumer and conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A)&(B). To prevail on his FCRA claims, the Plaintiff must therefore prove, *inter alia*, that IC failed to conduct a reasonable investigation of his disputes.

Because the Plaintiff ultimately bears the burden of proving that IC failed to conduct a "reasonable investigation" into his disputes with the CRAs, he must now "point to sufficient evidence on each element" of his FCRA claims to defeat the Defendant's Motion for Summary Judgment. *See Earley*, supra at 1080 (11th Cir. 1990). Because there is no evidence that IC failed to conduct a reasonable investigation into the Plaintiff's disputes, IC is entitled to summary judgment as a matter of law.

## V.   Conclusion

The Plaintiff was in a legal dispute with AT&T over the account the Defendant was credit reporting. That dispute did not conclude until April 2023—

more than *two months after* the Defendant had requested the CRAs deleted its credit reporting. The Plaintiff "legal dispute" with AT&T does not support an FCRA claim and if it did, the evidence shows that AT&T continued to maintain the Plaintiff owed the debt well after the Defendant ceased its credit reporting. For these reasons, along with the Plaintiff's failure to provide evidence that the Defendant failed to conduct a "reasonable investigation" of his disputes, the Defendant is entitled to summary judgment as a matter of law.

Respectfully submitted by:

*/s/ Dale T. Golden*
Dale T. Golden
Florida Bar No. 094080
**Martin, Golden Lyons Watts &Morgan PLLC**
410 South Ware Boulevard
Tampa, Florida 336019
Phone: (214)346-2630
dgolden@mgl.law