UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

Case No. 9:23-cv-80726-RLR

**ALEX RODRIGUES**,

    Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS, INC., I.C. SYSTEM, INC., AND AFNI INC.**,

    Defendants.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT I.C. SYSTEM INC.'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Alex Rodrigues ("Plaintiff"), by and through his undersigned counsel, hereby responds in opposition to Defendant I.C. System's ("Defendant IC") Motion for Summary Judgment.

## INTRODUCTION

This case involves the reporting of an AT&T debt ("AT&T Account") that did not belong to Plaintiff by Defendant IC to the credit reporting agencies. When Plaintiff disputed the inaccurate credit reporting, Defendant IC did not reasonably investigate the dispute and did not delete the inaccurate information that Defendant IC's internal records contradicted until AT&T recalled the account.

Defendant seeks summary judgment upon Plaintiff's claims that it violated 15 U.S.C. § 1681s-2 of the Fair Credit Reporting Act ("FCRA"). Plaintiff opposes the motion on three grounds:

(1) A reasonable juror could (and should) find that, had Defendant IC conducted a reasonable investigation, Defendant IC would have learned

that the AT&T account did not belong to Plaintiff because it was opened through mistaken identity and/or fraudulent means.

(2) Plaintiff's FCRA claim is based on a factual inaccuracy, not a legal dispute because Plaintiff's allegations required an examination of the facts and circumstances alone, not a contract or any law.

(3) A reasonable juror could (and should) find that Defendant IC failed to conduct a reasonable investigation into Plaintiff's claim because Defendant IC did not seek more information before verifying the information as true when Defendant IC's internal records included discrepancies regarding Plaintiff's true name and address.

Thus, there are genuine issues of material fact and Defendant IC is not entitled to summary judgment.

## SUMMARY JUDGMENT STANDARD

Under FRCP 56(c), summary judgment is only proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Courts must view the evidence and all factual inferences arising from it, in the light most favorable to the non-moving party. *Ramji v. Hosp. Housekeeping Sys., LLC*, 992 F.3d 1233, 1237 (11th Cir. 2021). A court will not weigh the evidence or make findings of fact. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Rather, a court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party. *Id.*

## STATEMENT OF MATERIAL FACTS

Plaintiff incorporates by reference the Statement of Material Facts, filed concurrently herewith.

## ARGUMENT

Defendant IC raises three arguments as to why it is entitled to summary judgment. First, Defendant IC claims that a reasonable investigation would not have revealed an inaccuracy. Second, Defendant IC claims that Plaintiff's FCRA claim was based on a "legal dispute" and not a "factual inaccuracy." Third, Defendant IC claims that there is no evidence that it failed to conduct a reasonable investigation into Plaintiff's dispute. Defendant IC is incorrect on either the law and/or the facts in each of these arguments and is not entitled to summary judgment.

1. **A Reasonable Fact-Finder Could (and Should) Find That, Had Defendant IC Conducted a Reasonable Investigation, Defendant IC Would Have Learned Of The Inaccuracy**

A plaintiff asserting a claim against a furnisher for failure to conduct a reasonable investigation must demonstrate that "had the furnisher conducted a reasonable investigation, the result would have been different; i.e, that the furnisher would have discovered that the information it reported was inaccurate or incomplete, triggering the furnisher's obligation to correct the information." *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1313. In support of its position, Defendant IC cites multiple cases where the plaintiff failed to show that a reasonable investigation would have uncovered an inaccuracy. However, the plaintiffs in the cases that Defendant IC cited could not make that required showing because ***there was no inaccuracy.***

First, in *Felts*, the plaintiff sued Wells Fargo claiming it "failed to conduct a reasonable investigation of its credit reporting or her mortgage loan" with the company. *Id.* at 1309. The district court granted the defendant's summary judgment because the plaintiff failed to make a "threshold showing that a reasonable investigation could have uncovered an inaccuracy." *Id.* However, the district court ruled this way because there was ***no inaccuracy at all.*** The district court explained that "Felts did not meet her payment obligations under the Note. Therefore, the

information Wells Fargo reported was ***not inaccurate as a matter of law.*** " *Id.* at 1318 (emphasis added).

Similarly in *Bruce*, the district court granted the defendant judgment on the pleadings finding that the plaintiff's FCRA claims pointed "to no fact or information that Ally would have uncovered as inaccurate or incomplete if it had conducted a different investigation." *Bruce v. Ally Fin., Inc.*, 2021 U.S. Dist. LEXIS 183087 at *9 (M.D. Ala. Sep. 24, 2021). The court ruled this way because the plaintiff only alleged that: (1) the defendant did not consult the Credit Reporting Guide as part of its investigation of the plaintiff's dispute, (2) the defendant failed to review all relevant information, and (3) the defendant's reporting of the monthly payment amount was inaccurate or misleading. The district court explained that "[t]here is no dispute that the reports are factually accurate in that the loan is closed, has no balance and there is no past due owing. Bruce also does not challenge the loan payment, while the loan was active, was $884 per month. Thus, ***the report was accurate.*** " *Id.* at *11.

Finally in *Griffin*, the plaintiff's claims were "woefully deficient" because the plaintiff disputed accounts and then later disputed the "account in dispute" status. *See Griffin v. Experian Information Solutions, Inc.*, 2021 U.S. Dist. LEXIS 161647 (M.D. Ala. Aug. 26, 2021). The district court stated, "what could an investigation by [the defendant] have uncovered of an account that Griffin previously disputed and was noted as such?" *Id.* at 8.

*Felts*, *Bruce*, and *Griffin* are all factually distinguishable from the present case. The *Felts* plaintiff owned the account and failed to meet her mortgage obligations; thus, there was no inaccuracy. The *Bruce* plaintiff owned the account and the defendant was reporting the account information accurately; thus, there was no inaccuracy. The *Griffin* plaintiff owned the account and disputed accounts then later disputed the "account in dispute" status; thus, there was no inaccuracy.

None of the cases cited by Defendant IC included a legitimate inaccuracy. In this case, Plaintiff has alleged a *legitimate inaccuracy* in that Plaintiff did not own the AT&T account because it was opened through mistaken identity and/or fraudulent means. Plaintiff's allegation was correct, and it has been established that the AT&T account did not belong to Plaintiff. As a result, the cases cited by Defendant IC don't apply to the facts of the present case.

Plaintiff has demonstrated that, had Defendant IC conducted a reasonable investigation, Defendant IC System would have discovered that the information it reported was inaccurate. The inaccuracy was that the AT&T account did not belong to Plaintiff as a result of mistaken identity and/or fraudulent means. A reasonable investigation would have uncovered this inaccuracy because basic personal information in Defendant IC's possession indicated that the account did not belong to Plaintiff. *See* Defendant's Responses to Plaintiff's Request for Production, ICS-000010, pp. 1, 2, and 5.

First, the AT&T accountholder's last name was *spelled differently* than Plaintiff's last name. Plaintiff's last name is spelled as "Rodrigues." The AT&T account lists the accountholder's name as "Rodriguez." The incorrectly spelled last name is a clear factual discrepancy that should have prompted Defendant IC to look further into why there was a discrepancy between Plaintiff's real last name and the last name listed on the inaccurate AT&T account. If Defendant IC conducted a reasonable investigation into the last name discrepancy, the reality that the AT&T account did not belong to Plaintiff would have been readily apparent.

Second, the accountholder's address on the AT&T account was not only incorrect but was in a *different state* than Plaintiff's state of residence. Defendant IC had knowledge that Plaintiff's true address was in West Palm Beach, Florida. However, evidence in Defendant IC's possession showed that the AT&T accountholder's address was listed in Donna, Texas. *See* Defendant's

Responses to Plaintiff's Request for Production, ICS-000010, pp. 5. Again, the incorrect address is a clear factual discrepancy that should have prompted Defendant IC to look further into why the account listed an address in Texas when it knew Plaintiff lived in Florida. If Defendant IC conducted a reasonable investigation into the address discrepancy, the reality that the AT&T account did not belong to Plaintiff would have been readily apparent.

Overall, instead of investigating the blatant factual inaccuracies, Defendant IC waited on AT&T to conduct an investigation and eventually recall the AT&T Account before removing the inaccurate reporting from Plaintiff's credit. Defendant IC essentially delegated its duty to reasonably investigate the facts to AT&T instead of looking further into the factual discrepancies, specifically the incorrect name and incorrect address in a different state.

A reasonable fact finder could find that had Defendant IC conducted a reasonable investigation into the factual discrepancies regarding the AT&T Account, Defendant IC would have discovered that the AT&T account did not belong to Plaintiff because the account was opened due to mistaken identity and/or fraudulent means. Thus, there is a genuine issue of material fact as to whether Defendant IC would have learned of the inaccuracy upon a reasonable investigation and Defendant IC is not entitled to a judgment as a matter of law. Accordingly, granting summary judgment would be improper and Plaintiff respectfully requests the Court to deny Defendant's Motion for Summary Judgment on this ground.

**2. Plaintiff's FCRA Claim is Based on a Factual Inaccuracy, Not a Legal Dispute**

To bring a claim against a furnisher under 15 U.S.C. § 1681s-2, a "plaintiff must show a factual inaccuracy rather than the existence of disputed legal question." *Hunt vs. JP Morgan Chase Bank*, 770 Fed.Appx. 452, 458 (11th Cir. April 25, 2019) (unpublished). Central to the court's analysis here is "whether the alleged inaccuracy turns on *applying* law to the facts or

simply *examining* the facts alone." *Jackson v. Bank of Am., N.A.*, No. 2:19-cv-01940-RDP, 2022 U.S. Dist. LEXIS 85075, at *10 (N.D. Ala. May 11, 2022).

In support of its position, Defendant again cites multiple cases with facts that are entirely different than this case. In contrast to this case where Plaintiff asserts that he did not own the account because it was opened through mistaken identity and/or fraudulent means, Defendant cites cases involving **contractual disputes involving the true owner of the account.** For example, in *Hunt*, the dispute occurred regarding whether the plaintiff was obligated to make monthly payments on **an accelerated mortgage that belonged to the plaintiff**. *See Hunt vs. JP Morgan Chase Bank,* 770 Fed.Appx. 452 (11th Cir. April 25, 2019) (unpublished). The Eleventh Circuit correctly categorized this argument as a legal dispute, not a factual inaccuracy. The inquiry required the court to interpret the contract and analyze the controlling law, and the court considered the plaintiff's allegation that there was no obligation to pay as "a legal conclusion devoid of factual support." *Id.* at 456.

Similarly in *Batterman*, the plaintiff disputed $3,000 in liquidated damages regarding an **apartment lease where he was the legitimate lessee.** *See Batterman v. BR Carroll Glenridge*, 829 Fed.Appx. 478 (11th Cir. Oct. 7, 2020) (unpublished). The district court held that this was a legal dispute, not a factual inaccuracy. The Eleventh Circuit agreed, stating: "The report of the liquidated damages is not a factual inaccuracy; rather, it was a contractual dispute. Such contractual disputes require resolution by a court of law." *Id.* at 481. The Eleventh Circuit explained the plaintiff's claims were not that the defendant "reported any **factually incorrect information in his credit report**, but rather, that they failed to accept his **interpretation** that he lawfully terminated the lease due to its uninhabitability." *Id.*

Again in *Scaife*, the plaintiff argued that he didn't owe a $734 move-out charge to his landlord because, under an Alabama law, the landlord was required to pay the plaintiff $600 for failing to return a $300 security deposit. *See Scaife v. National Credit Systems, Inc.*, No. 1:20-cv-00379-CLM, 2021 WL 1610620, 2021 U.S. Dist. LEXIS 79472 (N.D. Ala. Apr. 26, 2021). However, the plaintiff did not dispute the $734 move-out charge and the argument that he did not owe the $734 was ***"legal defense to payment"*** that required analysis of ***Alabama law***; thus, it was a "contractual dispute" that required "resolution by a court of law." *Id.* at 17.

Further in *Jackson*, the plaintiff argued that his report was factually incorrect because the defendant reported balances totaling $60,000, rather than a $15,000 balance required by a court order. *See Jackson v. Bank of Am.*, N.A., 2022 U.S. Dist. LEXIS 85075 (N.D. Ala. May 11, 2022). The defendant argued that it was not required to reduce the balance to $15,000 until the plaintiff paid off a $10,000 balance. The court explained that the order was "legally ambiguous" and require[d] legal interpretation." *Id.* at *13. Thus, whether the plaintiff was obligated to make the $10,000 payment before the defendant performed was an ***"unresolved legal question," not a factual inaccuracy. Id.***

Finally in *Mayer*, plaintiff alleged that he did not owe the balance according to a default and liquidated damages provision in the underlying agreement. *Mayer v. Holiday Inn Club Vacations*, 2021 U.S. Dist. LEXIS 132103 at *6 (M.D. Fla. Mar. 9, 2021). In a later decision in the same case, the court explained that the plaintiff disputed two sets of payments: 2016 Payments and Payments after July 2017. *See Mayer v. Holiday Inn Club Vacations*, 2021 U.S. Dist. LEXIS 132103 (M.D. Fla. Jun. 8, 2021). The court held that the plaintiff alleged a factual inaccuracy regarding the 2016 Payments because the credit report incorrectly reflected "No Data" for the 2016 Payments. However, since the plaintiff did not dispute the 2016 Payments, the furnisher was not

required to investigate. As to the Payments after July 2017, the plaintiff alleged he did not owe the balance due to a ***liquidated clause in his timeshare agreement*** that the plaintiff believed permitted him to stop making payments. The court stated that ordinarily, a liquidated provision – such as the one in the Agreement-would typically qualify as a legal dispute and not a factual inaccuracy." *Id.* at 7. However, the court still found it to be a factual inaccuracy because a court had previously found that the defendant was not entitled to a deficiency regarding an identical liquidated damages clause. The court explained that "since all these contractual provisions are identical, Mayer has raised a meritorious factual dispute as to the accuracy of his credit report." *Id.* at 8.

It is notable that most of the cases that Defendant IC uses as support involve fact patterns where the dispute was related to a contractual or legal document regarding an account owned by the plaintiff, where interpretation of the document by the court was required. In this case, Plaintiff has alleged a factual inaccuracy because it required an examination of the facts alone. Plaintiff disputed the AT&T account indicating that the account was not his. Plaintiff asserted that he was not in any way involved in the creation of the account. Thus, Plaintiff's dispute was not contractual at all, as Plaintiff never entered into a contract with AT&T. *See* Plaintiff's Statement of Material Facts ¶ 19. Nowhere in Defendant IC's Statement of Material Facts does Defendant IC state that Plaintiff had a contract with AT&T.  *See* Defendant's Statement of Material Facts ¶ 6 [ECF No 27].

Additionally, AT&T did not establish that the debt belonged to Plaintiff. AT&T needed more information from Plaintiff to resolve Plaintiff's dispute. To resolve Plaintiff's dispute, AT&T did not have to ask the court to interpret any contract or any law; AT&T had to examine the facts surrounding the account creation and personal information in the account file, such as the incorrect name and address. Upon examination of the facts and personal information, not the law or a contract, AT&T recalled the account and agreed that the account did not belong to Plaintiff. AT&T

did not need any court intervention or ruling to decide that the account did not belong to Plaintiff; all that was required was an investigation into the underlying facts.

Overall, a reasonable fact finder could find that Plaintiff's FCRA claim is based on a factual inaccuracy, not a legal dispute. Defendant IC's removal of the AT&T account after AT&T recalled it without any court intervention is direct evidence that Plaintiff's FCRA claim is based on factual inaccuracy. Thus, Defendant IC is not entitled to a judgment as a matter of law because there is clear evidence that Plaintiff's FCRA claim is based on a factual inaccuracy not a legal dispute. Accordingly, granting summary judgment would be improper and Plaintiff respectfully requests the Court to deny Defenant's Motion of Summary Judgment on this ground.

**3. A Reasonable Fact Finder Could (And Should) Find That Defendant IC Failed To Conduct A Reasonable Investigation Into Plaintiff's Disputes**

When a furnisher receives a dispute from a credit reporting agency regarding information on a consumer credit report, the furnisher "must review the information provided by the consumer and conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A)&(B). Whether an investigation is "reasonable" depends on the fact-specific circumstances of the case. See *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1302 (11th Cir. 2016). The reasonableness of a furnisher's investigation will depend in part on "the status of the furnisher — as an original creditor, a collection agency collecting on behalf of the original creditor, a debt buyer, or a down-the-line-buyer — and on the quality of documentation available to the furnisher." *Id.*

A furnisher may verify that the information is accurate by "uncovering documentary evidence that is sufficient to prove that the information is true," or by "relying on personal

knowledge sufficient to establish the truth of the information." *Id.* at 1303 (quoting 15 U.S.C. § 1681s-2(b)(1)(E)). When a furnisher ends its investigation by reporting that the disputed information has been verified as accurate, "the question of whether the furnisher behaved reasonably will turn on whether the furnisher acquired ***sufficient evidence to support the conclusion that the information was true***." *Felts v. Wells Fargo Bank, Nat'l Ass'n*, 893 F.3d 1305, 1312 (11th Cir. 2018).

Thus, a furnisher must conduct a "careful inquiry" of information (*Hinkle*, at 827 F.3d at 1303), and when a furnisher does not already possess evidence establishing that an item of disputed information is true, § 1681s-2(b) requires the furnisher to seek out and obtain such evidence before reporting the information as "verified." *See* Hinkle, 827 F.3d at 1303; *see also* Johnson v. MBNA Am. Bank, NA, 357 F.3d 426, 431 (4th Cir. 2004) (reversing summary judgment because a reasonable jury could find a violation of § 1681s-2(b) where the furnisher "d[id] not look beyond the information contained in the [internal data file] and never consult[ed] underlying documents such as account applications"). The requirement to uncover additional facts will be more or less intensive depending on what evidence the furnisher already possesses. *Hinkle*, 827 F.3d at 1303.

Here, Defendant IC was a collection agency collecting on behalf of an original creditor. Defendant IC did not have personal knowledge sufficient to establish the truth of the information in the AT&T Account. Thus, Defendant IC was required to uncover documentary evidence that was sufficient to prove that the information was true. See *Hinkle* at 1303. The documentary evidence in Defendant's possession indicated that the AT&T Account did not belong to Plaintiff and was opened due to mistaken identity and/or fraudulent means. *See* Defendant's Responses to Plaintiff's Request for Production, ICS-000010, pp. 1, 2, and 5.

First, the accountholder's last name was spelled differently than Plaintiff's last name. Second, the accountholder's address on the AT&T account was not only incorrect but was in a completely different state than Plaintiff's state of residence. This information was readily available to Defendant IC. It's important to note that the account was originally opened with the Texas address. *See* Defendant's Responses to Plaintiff's Request for Production, ICS-000010, p. 5. The address was later changed (presumably by an employee of Defendant IC) to include Plaintiff's West Palm Beach address and a PO Box in Greenacres. *Id.* These notations should have caused Defendant IC to question the validity of the account creation. Nevertheless, Defendant IC still verified that the AT&T Account reporting on Plaintiff's credit was accurate when it knew that the information in the AT&T Account was not true.

Even if Defendant IC did not have the information available to verify the account as accurate, Defendant IC should have taken steps to verify the information with Plaintiff, such as by contacting Plaintiff to confirm his personal information. Defendant IC did not seek out and obtain any additional evidence. Defendant IC did not look beyond its factually deficient internal files that contained errors to obtain any evidence that the AT&T Account belonged to Plaintiff.

Overall, a reasonable fact finder could find that Defendant IC failed to conduct a reasonable investigation by failing to obtain more evidence to verify that the AT&T Account belonged to Plaintiff when its internal files contained factual inaccuracies regarding Plaintiff's name and address. Thus, there is a genuine issue of material fact as to whether Defendant IC conducted a reasonable investigation and Defendant IC is not entitled to a judgment as a matter of law. Accordingly, granting summary judgment would be improper and Plaintiff respectfully requests the Court to deny Defendant's Motion for Summary Judgment on this ground.

## CONCLUSION

For the reasons stated herein, as well as Plaintiff's Response to Defendant IC's Statement of Material Facts, Plaintiff respectfully requests the Court deny Defendant IC's Motion for Summary Judgment.

Dated: February 20, 2024

                                            Respectfully Submitted,

/s/ Gerald D. Lane, Jr.
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail: jen@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 20, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

Respectfully Submitted,

/s/ Gerald D. Lane, Jr.
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677