IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT MYERS DIVISION

**ALEX RODRIGUES,**

    **Plaintiff,**                                        Case No.: 9:23-CV-80726

v.

**EXPERIAN INFORMATION SOLUTIONS, INC.**
**I.C. SYSTEM, INC., and AFNI, INC.,**

    **Defendant.**
_____/

## REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

    Defendant, I.C. System, Inc., by its counsel, files its Reply Brief in Support of Motion for Summary Judgment.

                                          By:

                                          */s/ Dale T. Golden*
                                          Dale T. Golden, Esq.
                                          ***Martin, Golden Lyons, Watts & Morgan PLLC***
                                          Counsel for Defendant

### I. Introduction

The Supreme Court has held that summary judgment should be granted where the evidence is such that it "would require a directed verdict for the moving party." The FCRA requires the Plaintiff to prove that the Defendant failed to conduct a "reasonable investigation" of his dispute. But because the Plaintiff never deposed the Defendant, the Plaintiff cannot and has not offered any evidence that, if true, would prove this necessary element of his claims. For this reason, and others, the Defendant is entitled to summary judgment.

### II. Argument[1]

**1. Plaintiff has offered no evidence that the Defendant failed to conduct a "reasonable investigation."**

Plaintiff's Response is littered with conclusory allegations without evidentiary support. He never deposed IC or any other Defendant. No affidavits or declarations were filed in opposition to IC's Motion nor any sworn answers to interrogatories or responses to subpoenas. Plaintiff instead improperly relies on "conclusory allegations and self-serving hunches" that the defendant failed to conduct a reasonable investigation. *See, Stroud vs. Bank of America*, 886 F. Supp. 2d 1308, 1316 (S.D. Fla. 2012) (granting the defendant summary judgment on the plaintiff's FCRA claims where plaintiff failed to produce evidence that the defendant failed to conduct a "reasonable investigation" into his credit reporting disputes).

Like the defendant in *Stroud*, IC is entitled to summary judgment, because it has "point[ed] out to the district court [] that there is an absence of evidence to support the [Plaintiff's] case." *See*, *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2554 (1986). Because the

---

[1] In this brief, the Defendant's Motion for Summary Judgment will be referred to as "the Motion" or "IC's Motion." The Plaintiff's Response in Opposition to Defendant I.C. System Inc.'s Motion for Summary Judgment will be referred to as "the Response" or "Plaintiff's Response."

1 | Page

Plaintiff ultimately must prove that the Defendant failed to conduct a "reasonable investigation" of his credit reporting dispute, to defeat the Defendant's Motion for Summary Judgment, the Plaintiff is required to provide *evidence* that would be sufficient to withstand a motion for directed verdict at trial on that element. *See*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986) (summary judgment should be granted where the evidence is such that it 'would require a directed verdict for the moving party.'") (internal citations omitted). But here, he provides no such evidence, relying instead on his own unsupported conclusory allegation that:

> A reasonable juror could (and should) find that Defendant IC failed to conduct a reasonable investigation into Plaintiff's claim because Defendant IC did not seek more information before verifying the information as true when Defendant IC's internal records included discrepancies regarding Plaintiff's true name and address.

*See*, Plaintiff's Response, at p. 2.

Absent from the Response is any *evidence* supporting this self-serving hunch.[2] The allegation proceeding the word "because" in the sentence quoted above is a wishful hope, while the remainder of the sentence is nothing more than a conclusory factual claim untethered to any cited evidence.

To be clear, the Plaintiff has provided zero evidence supporting the assertion that "IC did not seek more information before verifying the information as true." He, in fact, offers no evidence at all regarding IC's investigation into his dispute. And that's hardly surprising given the fact that he didn't depose or even serve interrogatories on IC, despite knowing he had to

---

[2] As detailed in Defendant's Reply to Plaintiff's Response to Statement of Material Facts, the Plaintiff has failed to comply with Local Rule 56.1(b)(1)(B).

prove IC's investigation wasn't "reasonable" to prevail on his FCRA claim.[3]

Since the Plaintiff decided against conducting needed discovery related to IC's investigation of his dispute, he cannot meet the "non-moving party" evidentiary burden under Rule 56. Stated another way, because the Plaintiff's unsupported conjecture would be insufficient to defeat Rule 50 motion by IC *at* trial, the same unsupported conjecture is insufficient to defeat IC's Rule 56 motion *before* trial. *See*, *Anderson*, supra.

Perhaps recognizing this fatal flaw, Plaintiff resorts to grasping at straws, inventing theories, and improperly asking the court to rely on his self-serving interpretations of entries and information in documents produced by Defendant in discovery. *See, Blixseth v. DiSilvestri*, 2013 U.S. Dist. LEXIS 195967, at *7 (S.D. Fla. Jan. 31, 2013) ("the Plaintiff's statements about what the skiptrace revealed constitute hearsay as he is representing the content of documents he received … as part of the skiptrace for the truth of the matter asserted."), *see also, Smallwood v. Davis*, 2017 U.S. Dist. LEXIS 61287, at *7 (S.D. Ga. Apr. 21, 2017) ("testimony summarizing the contents of a purported document regarding T&A Farms' employees' wages is hearsay and inadmissible"). This court can't condone such desperate tactics that lay waste to the hearsay rule.

In *U.S. v Wells,* the Fifth Circuit Court recognized the danger of permitting a witness to provide hearsay testimony regarding the contents of documents, stating:

> We simply cannot conclude that the oral testimony [] a cooperating witness[] with respect to his memories of notations of drug sales apparently drafted by someone else several years earlier and destroyed soon thereafter had sufficient indicia of trustworthiness. If we allowed this testimony, we would, in effect, be allowing an end run around the rule against hearsay and the requirements of the business records exception.

---

[3] In the Complaint, the Plaintiff alleges that "I.C. … failed to conduct a reasonable investigation into the Account which is the subject of the Disputes." *See*, Doc. 1 at ¶ 74.

*Id.*, 262 F.3d at 462 (5th Cir. 2001).

And while it may be true that a party *can* defeat summary judgment by relying on hearsay if the hearsay can be reduced to admissible form at trial, the Plaintiff fails to even admit he's relying on hearsay, much less argue that the hearsay he offers could be reduced to admissible form for trial or detail how he'd accomplish that task. He instead goes far beyond the bounds of hearsay by providing his own self-serving, unsworn, conclusory allegations regarding the contents documents he doesn't claim to have created and of which he professes no personal knowledge. The Plaintiff's "conclusory allegations without specific supporting facts have no probative value." *See, Leigh v. Warner Bros.*, 212 F.3d 1210, 1217 (11th Cir. 2000).

Because the Plaintiff has produced no *evidence* upon which a jury could conclude that the Defendant failed to conduct a "reasonable investigation" into his credit reporting disputes, the Defendant is entitled to summary judgment.

2. **Plaintiff's FCRA claims are impermissibly premised upon a legal dispute.**

The Plaintiff insists he doesn't owe the debt Defendant reported to the CRAs and therefore, IC violated the FCRA by failing to conduct a proper investigation of his indirect disputes. He doesn't claim he owes some amount other than what IC reported; he claims he owes nothing because the debt isn't his legal responsibility. The law is clear that consumers, like the Plaintiff, can't bootstrap a legal determination of responsibility for a debt to an FCRA claim. *Hunt v. JPMorgan Chase Bank, Nat'l Ass'n*, 770 F. App'x 452, 458 (11th Cir. 2019).

As an initial matter, it is worth noting that the Plaintiff himself admits that when he disputed the debt with AT&T, "AT&T needed more information from Plaintiff to resolve [his] dispute." *See*, Resp. at p. 9. Perhaps sensing the fatal defect this admission creates in his FCRA claim, the Plaintiff then resorts to subterfuge, telling the court "AT&T recalled the

account and agreed that the account did not belong to the Plaintiff." *Ibid.* But he cites no evidence to support this assertion. What's worse, the Plaintiff testified that shortly after recalling the account from IC, AT&T placed it with another collection agency, co-Defendant Afni, Inc. *See*, Doc. 27 at ¶ 9, citing Doc. 27-2 (Plaintiff's Deposition Transcript) at pp. 47-48. The fact that AT&T placed the account with Afni shortly after recalling it from IC proves that AT&T not only asserted that the Plaintiff owed the debt during the entire time it was being handled by IC but *continued* to make that assertion after recalling it from IC, by placing it for collection with Afni. Plus, the evidence establishes that within days after the account was recalled, IC requested deletion of its credit reporting. *Ibid.* at ¶ 7, citing Doc. 27-1 (Dove Declaration) at ¶ 13. These uncontradicted facts render unassailable IC's argument that a reasonable investigation would not have revealed inaccuracy. *See, Adkins v SLM Corp.*, 2022 U.S. Dist. LEXIS 135623, *14 (D. Kan., July 29, 2022) (the creditor "is in the best position" to determine if the plaintiff owes the debt). And by the Plaintiff's own admission, he was communicating directly with AT&T, yet was never informed that he didn't owe the debt—at least, not until sometime after March 2023, which IC had long-since stopped credit reporting the account.

The Plaintiff was in a "legal dispute" with AT&T, which could not form the basis for an FCRA claim against IC. *See*, *Schuh v. Am. Express Bank, FSB*, 2018 WL 3751467, at *3 (S.D. Fla. May 3, 2018), report and recommendation adopted, 2018 WL 3730226 (S.D. Fla. May 31, 2018), aff'd, 806 F. App'x 973 (11th Cir. 2020) (a legal dispute doesn't form the basis for a FCRA violation.) [4]

---

[4] *See also*, Leones v. Rushmore Loan Mgmt. Servs., LLC, No. 0:17-CV-61216-WPD, 2017 WL 6343622, at *3 (S.D. Fla. Dec. 11, 2017), aff'd, 749 F. App'x 897 (11th Cir. 2018) (holding that where plaintiff alleged "at best a legal defense to the debt, not a factual inaccuracy in [defendant's] reporting," "[t]his is an insufficient basis for her asserted FCRA claims against a furnisher under § 1681s-2(b)"); *see also Arianas v. LVNV Funding*

5 | P a g e

In *Leones v. Rushmore Loan Mgt Serv.*, this court dismissed a FCRA claim where a plaintiff alleged, at best, a legal defense, rather than a factual inaccuracy in the defendant's reporting, and determined such an insufficient basis for her asserted FCRA claims. *Id.*, 2017 WL 6343622, at *3 (S.D. Fla. Dec. 11, 2017), aff'd, 749 F. App'x 897 (11th Cir. 2018).

In *Belair v. Holiday Inn Club Vacations*, the court faced a similar situation and had to determine whether the basis of plaintiff's FCRA disputes constituted a legal dispute or factual inaccuracy. *Id.*, 2022 U.S. Dist. LEXIS 235853, at *7 (M.D. Fla. Dec. 12, 2022). Judge Wendy Berger opined that "[g]enerally, unresolved contract disputes constitute legal disputes and not factual inaccuracies." *Id.* (citations omitted). Following what she described as the "Eleventh Circuit's clear instruction in *Hunt*," she determined that a defendant's FCRA duty only applies to factual inaccuracies, not legal disputes. And because "there has been no formal resolution as to the validity of the underlying debt in this case," a "legal dispute" not a "factual inaccuracy" existed. *Id.,* 2022 U.S. Dist. LEXIS 235853, at *11.

In *Bueno v. Univ. of Miami,* Judge Scola relied on *Hunt* to dismiss a FCRA case deducing that "even assuming [the plaintiff] ultimately turned out to be correct about his legal obligation to pay, his FCRA argument fails nonetheless" because it demonstrated a "disputed legal issue" rather than a "factual inaccuracy." *Bueno v. Univ. of Miami*, 2023 U.S. Dist. LEXIS 72958, at *10 (S.D. Fla. Apr. 26, 2023). Judge Scola found that whether plaintiff's dispute with the University about the debt was a legal question that didn't fall under the purview of the FCRA.

Here, Plaintiff's claimed the debt wasn't his. But his own testimony establishes that

---

*LLC*, 132 F. Supp. 3d 1322, 1328 (M.D. Fla. 2015); *Davidson v. Capital One, N.A.*, No. 14-20478-CIV, 2014 WL 6682532, at *5 (S.D. Fla. Nov. 25, 2014); *Bauer v. Target Corp.*, No. 8:12-cv-978-AEP, 2013 WL 12155951, at *13 (M.D. Fla. June 19, 2013).

during the entire time that IC was credit reporting the account, AT&T continued to assert the Plaintiff owed the debt. That this is true is established by the fact that AT&T not only referred the debt to IC as validly due and owing, but after it recalled the account—and IC requested deletion of its credit reporting—AT&T referred the account to another collection agency—co-Defendant Afni, Inc. Because the Plaintiff was in a legal dispute with AT&T during the time IC was credit reporting the account, he has no FCRA claim.

### III.  Conclusion

The Plaintiff must prove that IC failed to conduct a "reasonable investigation" into his credit reporting disputes. Having failed to undertake meaningful discovery, the Plaintiff is without *any* evidence regarding IC's investigation into his dispute, much less evidence showing that investigation was not reasonable. Plus, the evidence shows that AT&T continued to assert that the Plaintiff owed the debt during the entire time that IC was credit reporting it, meaning that the Plaintiff's FCRA claims are impermissibly based on a "legal dispute" between him and AT&T.

WHEREFORE, Defendant I.C. System, respectfully requests this court enter summary judgment in its favor and dismiss this case with prejudice.

Dated: March 8, 2024

Respectfully submitted,

/s/ Dale T. Golden
Dale T. Golden, Esq.
Florida Bar No. 94080
dgolden@mgl.law
Martin, Golden Lyons Watts & Morgan
410 South Ware Boulevard
Suite 806
Tampa, FL 33619
*Counsel for Defendant*