UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  23-CV-80726-ROSENBERG

ALEX RODRIGUES,

    Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC., et al.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT I.C. SYSTEM'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant I.C. System's Motion for Summary Judgment at docket entry 26.  The Motion has been fully briefed.  For the reasons set forth below, the Motion is granted.

This is a case about credit reports.  The Plaintiff disputed an item on his credit report (which stated that he had an outstanding debt to AT&T) with credit reporting agencies, contending that he was a victim of identity theft and that the item should not have appeared on his report. Although Defendant I.C. Systems eventually informed the credit reporting agencies that the disputed item should be removed from the Plaintiff's credit report (once AT&T informed the Defendant it should do so), the Plaintiff has brought this suit under the Fair Credit Reporting Act for the period of time his credit report contained the disputed item.

Under the Fair Credit Reporting Act, the Defendant had to conduct a reasonable investigation once it was informed of a credit dispute. 15 U.S.C. § 1681s-2(b).  Here, the Plaintiff did dispute an item on his credit report, so the only question before the Court is whether the Defendant conducted a reasonable investigation into the dispute.

A defendant may prevail at summary judgment by pointing to an absence of evidence in support of a plaintiff's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Once a defendant does so, the burden falls upon the plaintiff to point to sufficient evidence in support of his or her claims. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).

Here, the Defendant argues that the Plaintiff lacks any evidence that it failed to conduct a reasonable investigation. To support its argument, the Defendant has provided undisputed evidence that it merely acts as a debt collector for AT&T. DE 25 at 1. Pursuant to the Defendant's debt collector agreement, AT&T only refers accounts to the Defendant for collection that are overdue, which is also undisputed in this case. *Id.* After the Plaintiff contested the AT&T outstanding debt on his credit report, AT&T undisputedly confirmed to the Plaintiff that it had sent the Plaintiff's account to the Defendant for collections. *Id.* Thus, the Defendant argues that the Plaintiff lacks any evidence it failed to conduct a reasonable investigation for two reasons. First, the Defendant could have reasonably relied upon AT&T to tell it whether the Plaintiff's account was overdue, as only AT&T had that information as the account holder. Second, the Plaintiff never took any evidence in this case from the Defendant to prove an unreasonable investigation, such as taking the deposition of a Defendant's employee.

In response to the Defendant's Motion, the Plaintiff has provided no evidence about the Defendant's investigation. The Plaintiff has cited to no evidence, for example, of how the Defendant conducted its investigation. The Plaintiff has provided no depositions, affidavits, or declarations in support of his opposition to the Motion about the Defendant's investigation. Instead, the Plaintiff effectively relies upon his own opinion that, had the Defendant performed a

2

reasonable investigation, it would have discovered the Plaintiff's identity theft. *See* DE 41 at 2. The following paragraph from the Plaintiff's Response demonstrates the critical problem here:

> A reasonable juror could (and should) find that Defendant IC failed to conduct a reasonable investigation into Plaintiff's claim **because** Defendant IC did not seek more information before verifying the information as true when Defendant IC's internal records included discrepancies regarding Plaintiff's true name and address.

DE 31 at 2 (emphasis added). After the word "because," the Plaintiff makes a conclusory argument. For example, the Plaintiff contends that the Defendant did not seek more information about his credit dispute. But the Plaintiff cites to no evidence in his response for that proposition, nor has the Plaintiff provided any evidence at all on how the Defendant's investigation was conducted, together with an explanation for just how the Defendant's investigation was unreasonable.

Instead, the Plaintiff relies upon the mere existence of internal records of the Defendant that show a discrepancy with the spelling of the Plaintiff's name and the address where the Plaintiff resided. It is undisputed, however, that AT&T—not the Defendant—knew whether the Plaintiff's account was overdue, and the Plaintiff has provided no evidence in his Response on what the Defendant's investigation was, how the investigation was unreasonable, and what reasonable steps would have resulted in the Defendant effectively overruling AT&T's determination (even though AT&T was the sole authority) that the Plaintiff's account was overdue.

At summary judgment, a plaintiff's "conclusory allegations without specific supporting facts have no probative value." *Leigh v. Warner Bros.*, 212 F.3d 1210, 1217 (11th Cir. 2000). For all of the reasons set forth in the Defendant's Motion and Reply, the Plaintiff lacks sufficient evidence to withstand the Defendant's Motion for Summary Judgment.

It is therefore **ORDERED AND ADJUDGED** that the Defendant's Motion for Summary Judgment is **GRANTED**. Because no other active Defendants remain in this case, the Clerk of the Court shall **CLOSE THIS CASE** and deny all other pending motions **AS MOOT**. The Defendant shall submit a proposed final judgment in Microsoft Word format to rosenberg@flsd.uscourts.gov within three days of the date of rendition of this Order.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 11th day of March, 2024.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record